DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT, v. BOARD OF PUBLIC UTILITY COMMISSIONERS, RESPONDENT.

Argued March 5, 1913—Decided June 18, 1913.

1. The board of public utility commissioners cannot legally make an order regulating the transportation service of a railroad company of this state between given points except upon charges made against the company specifying the particulars in which it is alleged to be in fault, and after an opportunity is afforded it of being heard upon such specific charges.

2. An order of the board of public utility commissioners requiring a railroad company, which affords intrastate commutation service, or which carries in intrastate journeys passengers between given points at special rates, to file with the commission schedules of their rates for such commutation, or special service, does not violate either the fourteenth amendment to, or the commerce clause of, the federal constitution.

---

On error to the Supreme Court, whose opinion is reported in 54 *Vroom* 67.

For the appellant, *Vredenburgh, Wall & Carey, Maximilian M. Stallman* and *Gilbert Collins.*

For the respondent, *Frank H. Sommer.*

The opinion of the court was delivered by

Gummere, Chief Justice.   The board of public utility commissioners, on its own initiative, instituted proceedings

for the purpose of ascertaining "whether the several railroad companies, or any of them, operating within the State of New Jersey, and transporting passengers in intrastate journeys to or from Jersey City, Hoboken and Camden, from and to other points in said state, subject said municipalities, or the inhabitants thereof, to any prejudice or disadvantage in the failure to grant commutation and other special rates for such journeys to and from said cities." Notice of the proceedings was given to all parties interested, including the present appellant. At their conclusion the board made the following order:

"Each railroad company affording intrastate commutation service from points in New Jersey to Jersey City, New Jersey, or to Hoboken, New Jersey, when request is made upon it and proper payment is tendered therefor, is ordered to sell tickets for said commutation service specifically designating in every case both termini of the journey. Said carriers are directed to publish rates for such commutation service designating both termini specifically, and to file schedules of such rates with this commission.

"Each railroad company carrying, in intrastate journeys, passengers to or from Jersey City, New Jersey, or to or from Hoboken, New Jersey, at special rates, is hereby ordered to publish said rates naming or indicating both termini specifically, and upon request and proper tender of payment to sell such special rate tickets, designating thereon both termini specifically, and to file schedules of such rates with this commission."

The appellant, conceiving that this order was directed at it, as well as at other railroad companies of the state, sued out a writ of *certiorari* to test its validity, and the Supreme Court, after a full hearing, affirmed it. We are now asked to review the judgment of the Supreme Court.

The first contention made by the appellant is that the order of the board is not authorized by the statute creating it, and that, consequently, the board had no jurisdiction to make it. This question is elaborately discussed in the opinion

of Mr. Justice Trenchard, delivered in the Supreme Court, and we have nothing to add to that discussion. It demonstrates, we think, the authority of the board to make such an order as that now complained of when conditions justify it.

It is further contended that both the order under review and the judgment of the Supreme Court are based upon an erroneous assumption of a previously existing "commutation service to Jersey City and Hoboken over the road of the appellant company." The Supreme Court, after a consideration of the proofs submitted by the parties, reached the conclusion that such service was shown to exist. We do not think that this question was properly before the board of public utility commissioners for determination in the proceedings instituted by it, and which culminated in the making of the order now complained of. The proceedings were in the nature of a general investigation not directed against any particular railroad company; and neither the present appellant, nor any other railroad company, was called upon by the board to defend itself against any charge made against it of subjecting any of the municipalities which it served, or the inhabitants thereof, to any prejudice or disadvantage in the failure to grant commutation and other special rates for journeys to and from Jersey City or Hoboken. Before such an issue is determined against the appellant, or any other railroad company of the state, it is entitled to have that specific charge made against it, and an opportunity afforded to defend itself against such charge. But it does not follow from this that the order under review is objectionable. It is not directed at any of the railroad companies of the state except those which, at the time of making it, were affording intrastate commutation service from points in New Jersey to Jersey City or to Hoboken. If the Delaware, Lackawanna and Western Railroad Company was not at the time of the making of the order, and is not now, affording such service, the order is not applicable to it, and it is not affected thereby. Whether or not it is within its scope is a question to be settled when that specific issue is raised and presented for determination.

It is further contended that the order before us is violative of the fourteenth amendment of the federal constitution because it requires carriers to establish special rates for the service therein referred to, and, further, is invalid because it interferes with interstate commerce. But this contention is based upon a manifest misunderstanding of the scope of the order. It deals with existing conditions, viz., an existing commutation service and an existing special rate service. It does not require the carriers affected by it to establish special rates for a commutation service, or any other service, but merely requires the publication of the rates which are being charged for such service, and the filing of schedules thereof with the commission. If, after this is done, the respondent board shall attempt to regulate those rates, the question of its power to do so, which is the matter discussed by counsel for the appellant under this point, will become a living one, but until then it is merely academic.

The question whether the appellant has such an interest as to entitle it to have the order of which it complains judicially reviewed before any attempt has been made to enforce the provisions thereof against it, has not been raised by the respondent either in the court below or here, and, consequently, we have considered the matters presented and discussed, upon the assumption that its *status* was conceded by the board.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, VOORHEES, KALISCH, BOGERT, CONGDON, WHITE, TERHUNE, JJ.   10.

*For reversal*—None.